IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-2459 |
| | ) |
| ALAN CHRISTOPHER REYES, | ) |
| 1 South Main | ) |
| Memphis, TN 38103 | ) |
| | ) |
| VERNICE B. KUGLIN, | ) |
| 200 Wagner Place, Apt. 802 | ) |
| Memphis, TN 38103 | ) |
| | ) |
| SUNTRUST BANK, | ) |
| | ) |
| FIRST TENNESSEE BANK, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

**COMPLAINT FOR FEDERAL TAXES**

The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action pursuant to 26 U.S.C. §§ 7401 and 7403. The United States complains as follows:

1. This is a civil action in which the United States seeks (I) to reduce to judgment the unpaid assessments of income tax, penalties, and interest made against Defendant Alan Christopher Reyes, (II) to reduce to judgment the unpaid assessments of income tax, penalties, and interest made against Defendant Venice B. Kuglin, and (III) to foreclose such tax liens against certain real property located in Shelby County, Tennessee, and subject such real property

1

to sale, the proceeds of the sale to be distributed in accordance with the rights of the parties determined herein.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345, as well as 26 U.S.C. §§ 7402 and 7403.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1396 because Defendants Alan Christopher Reyes and Vernice B. Kuglin reside in this district and the real property subject to foreclosure is also located in this district.

## PARTIES

4. Plaintiff is the United States of America.

5. Defendant Alan Christopher Reyes resides at 1 South Main Street, Memphis, TN 38103 within the jurisdiction of this Court. Reyes is an owner of the property at issue.

6. Defendant Vernice B. Kuglin resides at 200 Wagner Place, Apt. 802, Memphis, TN , 38103 within the jurisdiction of this Court. Kuglin is an owner of the property at issue.

7. Defendant SunTrust Bank may claim an interest in the real property subject to foreclosure.

8. Defendant First Tennessee Bank may claim an interest in the real property subject to foreclosure.

## COUNT I – REDUCE INCOME TAX ASSESSMENT AGAINST REYES TO JUDGMENT

9. The allegations set forth in paragraphs 1 through 8 are realleged and incorporated by reference.

10. In accordance with 26 U.S.C. § 6201, a delegate of the Secretary of the Treasury of the United States made assessments against Reyes for income taxes as follows:

| PERIOD | DATE ASSESSED | AMOUNT ASSESSED |
|---|---|---|
| 12/31/1999 | 08/22/2005 | $6,940.00 |
| 12/31/2000 | 05/12/2008 | $43,398.00 |
| 12/31/2001 | 05/12/2008 | $5,761.00 |
| 12/31/2002 | 08/22/2005 | $22,510.00 |
| 12/31/2003 | 05/12/2008 | $25,710.00 |
| 12/31/2004 | 05/12/2008 | $6,131.00 |
| 12/31/2006 | 04/04/2011 | $5,080.00 |
| 12/31/2007 | 04/04/2011 | $6,480.00 |
| 12/31/2008 | 04/04/2011 | $14,430.00 |

11. The assessments described above in Paragraph 10 were made correctly and in accordance with the law.

12. Proper notice and demand for payment of the assessments described above in Paragraph 10 was given to Reyes in accordance with 26 U.S.C. § 6303.

13. Reyes has failed to pay the United States the full amount owed as a result of the tax assessments made against him and therefore interest and penalties have accrued on the assessments.

14. By reason of the foregoing, as of June 22, 2015, Reyes will be indebted to the United States for federal income taxes, penalties, and interest for the 1999, 2000, 2001, 2002, 2003, 2004, 2006, 2007, and 2008 in the amount of $340,954.67, plus interest that has accrued and will continue to accrue according to law subsequent to that date.

WHEREFORE, Plaintiff, the United States of America, prays as follows:

A. That this Court order and adjudge that as of June 22, 2015, Reyes will be indebted to the United States for federal income taxes, penalties, and interest for the 1999, 2000, 2001, 2002, 2003, 2004, 2006, 2007, and 2008 in the amount of $340,954.67 together with statutory additions and interest according to law.

## COUNT II – REDUCE INCOME TAX ASSESSMENTS AGAINST KUGLIN TO JUDGMENT

15. The allegations set forth in Paragraphs 1 through 14 are realleged and incorporated by reference.

16. In accordance with 26 U.S.C. § 6201, a delegate of the Secretary of the Treasury of the United States made assessments against Kuglin for income taxes as follows:

| PERIOD | DATE ASSESSED | AMOUNT ASSESSED |
|---|---|---|
| 12/31/2005 | 08/09/2010 | $107,480.00 |

17. The assessments described above in Paragraph 16 were made correctly and in accordance with the law.

18. Proper notice and demand for payment of the assessments described above in Paragraph 16 was given to Kuglin in accordance with 26 U.S.C. § 6303.

19. Kuglin has failed to pay the United States the full amount owed as a result of the tax assessments made against her and therefore interest and penalties have accrued on the assessments.

20. By reason of the foregoing, as of June 22, 2015, Kuglin will be indebted to the United States for federal income taxes, penalties, and interest for the 2005 tax year, in the amount of $211,798, plus interest that has accrued and will continue to accrue according to law subsequent to that date.

WHEREFORE, Plaintiff, the United States of America, prays as follows:

A. That this Court order and adjudge that as of June 22, 2015, Defendant Venice B. Kuglin will be indebted to the United States in the amount of $211,798 relating to income tax,

penalties, and interest for the 2005 tax year, together with statutory additions and interest according to law.

### COUNT III – FORECLOSE FEDERAL TAX LIENS AGAINST REAL PROPERTY KNOWN AS 200 WAGNER PLACE, APARTMENT 802, MEMPHIS, TENNESSEE

21. The allegations set forth in Paragraphs 1 through 20 are realleged and incorporated by reference.

22. Alan Christopher Reyes and Venice Kuglin are the owners of record of the Real Property, commonly known as 200 Wagner Place, Apartment 802, Memphis, TN 38103, described as follows:

> Unit 802 and Parking Space(s) 208 and 209, Waterford Plaza Condominiums as described in the Master Deed recorded under Instrument No. U8-8994, and as corrected and re-recorded as Instrument No. U9-3932, and as amended by First Amendment to Master Deed and Bylaws re-recorded under Instrument No. W8-2197 in the Register's Office of Shelby County, Tennessee, to which reference is hereby made for a more particular description, together with an undivided interest in and to the general and limited common elements declared and described in said Master Deed to be appurtenant to such unit, to which Master Deed reference is hereby made for a more particular description.
>
> The aforesaid Parking spaces 208 and 209 are a limited common element and are appurtenant to Unit No. 802 and may not be conveyed separately.
>
> This is part of the same property conveyed to Federal Savings and Loan Insurance Corporation as receiver for First-South, F.A. by Trustee's Deed dated June 1, 1988, recorded under Instrument No. AL-7046 in said Register's Office.

23. By reason of the assessments described above in Paragraphs 10 and 16, federal tax liens arose pursuant to 26 U.S.C. §§ 6321 and 6322, and said tax liens attached to all property

and rights to property then owned or thereafter acquired by Reyes and Kuglin, including the Real Property described above in Paragraph 22.

24. The Internal Revenue Service filed notices of federal tax liens against Reyes, reflecting the liabilities described above in Paragraph 10, with the Shelby County Register's Office on or around January 8, 2008 and July 3, 2012.

25. The Internal Revenue Service filed notices of federal tax liens against Kuglin, reflecting the liabilities described above in Paragraph 16, with the Shelby County Register's Office on or around December 5, 2012.

26. On March 8, 2013, the United States District Court for the Western District of Tennessee entered a judgment against Venice Kuglin, in favor of the United States of America, in the amount of $1,339,108.00 plus penalties and interest that has accrued theron from April 11, 2013 until paid. An abstract of judgment was filed on or around May 2, 2013 with the Office of the Shelby County Register. The filing of the abstract creates a lien on all of Kuglin's real property and has priority over all other liens or encumbrances which are perfected later in time.

27. Defendant SunTrust Bank may have an interest in the property described above in Paragraph 22 as a result of a deed of trust filed by National Bank of Commerce on or around December 30, 1991 with the Shelby County Register's Office. National Bank of Commerce was acquired by SunTrust in 2005.

28. Defendant First Tennessee Bank may have an interest in the property described above in Paragraph 22 as a result of a Deed of Trust that was recorded on or around April 12, 1996 in the Shelby County Register's Office. On March 4, 2004, the deed of trust was modified.

WHEREFORE, Plaintiff, the United States of America, prays as follows:

A. That the Court order and adjudge that the United States of America has valid and subsisting federal tax liens on all property and rights to property of Reyes and Kuglin, including their interests in the Real Property;

B. That the Court determine the interest, if any, of Defendant SunTrust Bank in the Real Property;

C. That the Court determine the interest, if any, of First Tennessee Bank in the Real Property;

D. That the Court order and adjudge that the federal tax liens attaching to the Real Property be foreclosed and that the Real Property be sold, according to law, free and clear of any right, title, lien, claim, or interest of any of the parties herein, and that the proceeds of the sale be distributed in accordance with the rights of the parties determined herein, with the amounts attributable to the federal tax liens be paid to the United States to be applied against the federal tax liabilities of Reyes and Kuglin;

E. That the Court grant all other relief it may deem appropriate.

DATED: July 9, 2015

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

EDWARD L. STANTON III
United States Attorney

*/s/ Stephen A. Josey*
STEPHEN A. JOSEY
TN BPR #: 031179
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C.  20044
202-307-1427 (v)
202-514-6866 (f)
Stephen.a.josey@usdoj.gov