IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 15-cv-02459-STA-dkv |
| ) | |
| ALAN CHRISTOPHER REYES, ) | |
| VERNICE B. KUGLIN, SUNTRUST BANK, ) | |
| and FIRST TENNESSEE BANK, ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANTS' MOTIONS FOR MORE DEFINITE STATEMENT**

Before the Court are Defendants Alan Christopher Reyes and Vernice B. Juglin's separate *pro se* Motions for More Definite Statement (ECF Nos. 14, 15) both filed August 6, 2015, as amended (ECF No. 19, 20) on August 24, 2015. Plaintiff United States of America has responded in opposition (ECF Nos. 17, 23). For the reasons set forth below, Defendants' Motions are **DENIED**.

**BACKGROUND**

On July 9, 2015, Plaintiff United States of America filed a Complaint for Federal Taxes under 26 U.S.C. §§ 7401 and 7403. The Complaint named Alan Christopher Reyes, Vernice B. Kuglin, SunTrust Bank, and First Tennessee Bank as Defendants. The purpose of the Complaint was to "reduce to judgment the unpaid assessments of income tax, penalties, and interest made against" Reyes and Kuglin as well as to foreclose tax liens on real property located in this District. Plaintiff alleges that Reyes and Kuglin are the owners of the real property at issue and that SunTrust Bank and First Tennessee Bank ("the banking Defendants") may assert an interest in the same

property. (Compl. ¶¶ 5-8.)[1] The Complaint alleges that the Internal Revenue Service has assessed federal income taxes owed by Reyes for the tax years 1999 through 2008. (*Id.* ¶ 9.) As of June 22, 2015, the total tax liability including taxes, penalties, and interest owed by Reyes is $340,954.67. (*Id.* ¶ 14.) The Complaint alleges that though the tax assessments were made correctly and in accordance with the law, and the IRS gave proper notice and made a demand on Reyes for the taxes owed, Reyes has not paid the full amount owed. (*Id.* ¶¶ 10-12.)

The Complaint goes on to allege that the IRS assessed federal income taxes owed by Kuglin for the 2005 tax year. (*Id.* ¶ 16.) The tax assessment was made correctly and in accordance with the law, and the IRS gave Kuglin proper notice and demand for the taxes owed. (*Id.* ¶¶ 17, 18.) The total tax liability including taxes, penalties, and interest owed by Kuglin is $211,798.00 as of June 22, 2015. (*Id.* ¶ 20.) According to the Complaint, Kuglin has failed to pay the full amount owed. (*Id.* ¶ 19.) The Complaint requests that the Court reduce to judgment the tax liability owed by each taxpayer.

Finally, the Complaint alleges that Reyes and Kuglin are the owners of an apartment along with two parking spaces in Memphis, Tennessee, as described more particularly in the pleadings. (Id. ¶ 22.) The Complaint alleges that the banking Defendants may have an interest in the real property. (*Id.* ¶ 27, 28.) The government filed separate notices of tax lien as to Reyes with the Shelby County Register's Office on January 8, 2008, and July 3, 2012, respectively. (*Id.* ¶ 24.) The

---

[1] The government caused summons to issue as to the banking Defendants on the same day the government filed its Complaint for Federal Taxes. The record shows that the government served Defendant SunTrust Bank's authorized agent for service of process on July 15, 2015 (ECF No. 12), and Defendant First Tennessee Bank's authorized agent on July 17, 2015 (ECF No. 9). When the banking Defendants did not file an answer within the time allowed under the Federal Rules of Civil Procedure, the government moved for entry of default, and the Clerk of Court entered default as to the banking Defendants (ECF No. 21). Thereafter, the government filed a Motion for Default Judgment (ECF No. 24), which remains pending before the Court.

government also filed a notice of tax lien as to Kuglin with the Shelby County Register's Office on December 5, 2012. (*Id.* ¶ 25.) On March 8, 2013, the United States District Court for the Western District of Tennessee entered a judgment against Vernice Kuglin, in favor of the United States of America, in the amount of $1,339,108.00 plus penalties and interest accruing from April 11, 2013 until paid. (*Id.* ¶ 26.) An abstract of judgment was filed on or around May 2, 2013 with the Shelby County Register's Office. (*Id.*) The United States asserts that the filing of the abstract creates a lien on all of Kuglin's real property and has priority over all other liens or encumbrances which are perfected later in time. (*Id.*) The Complaint requests that the Court find that the government has a valid federal tax lien on the real property, judge the priority of the parties' interests in the real property, and declare that the federal tax liens be foreclosed and order the property be sold with the proceeds of the sale to apply to the tax liabilities of Reyes and Kuglin.

In their identical Motions for More Definite Statement, Reyes and Kuglin, who are proceeding *pro se*, argue that the Complaint for Federal Taxes is "so vague and ambiguous" that Defendants cannot prepare a response. Defendants contend that the Complaint is unclear as to whether the Defendants were domiciled in the state of Tennessee or within this District. Therefore, Defendants request that the Court order Plaintiff to provide a map of Shelby County, Tennessee, and highlight the areas where the United States Congress has exclusive jurisdiction. Defendants further argue that their property was located in the state of Tennessee and not within the jurisdiction of the United States. Defendants raise other defenses to the IRS's tax assessments that go to the facts of the Complaint. Defendants primarily argue that they had no reportable income and therefore never filed returns for the tax years in question. According to Defendants, the IRS is perpetrating a fraud on the Court because Defendants did not file tax

returns, and the IRS had to manufacture a substitute for return in order to establish the tax liability. Defendants argue that the Court should require the government to plead with more particularity the process for making the assessment.

The United States responded in opposition to Defendants' opening Motions for More Definite Statement. The government argues that Defendants have presented typical "tax protester" theories in support of their Motions. The government responds that the Complaint for Federal Taxes satisfies the pleadings standard under Rule 8 of the Federal Rules of Civil Procedure. Defendants' arguments amount to a bad faith attempt to obtain additional discovery or attack the Court's subject-matter jurisdiction. The United States argues then that Defendants have not actually shown why they need or are entitled to a more definite statement of the tax liability claims against them. Therefore, the Court should deny their Motions.

Defendants had the right to file reply briefs in support of their Rule 12(e) Motions. Instead of filing a brief to address the arguments made by the government, Defendants filed Amended Motions for More Definite Statement. As the government correctly points out, the Amended Motions are nearly identical to Defendants' initial Motions. The Court notes Defendants' Amended Motions for the record but finds that the Amended Motions contain no additional authority or argument to support Defendants' request for a more definite statement.

## **ANALYSIS**

Under Federal Rule of Civil Procedure 12(e), "a party may move for a more definite statement to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[2] "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under

---

[2] Fed R. Civ. P. 12(e).

Rule 12(e) before responding."[3] Generally speaking, motions for more definite statement are disfavored.[4] The United States Supreme Court has explained the simplified notice pleading standard of Rule 8(a) relies on "liberal discovery rules and summary judgment motions" and not technical forms of pleading.[5] Therefore, motions for a more definite statement should not be granted unless the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."[6]

Defendants have not shown that the Complaint for Federal Taxes is so short on clear and comprehensible factual allegations that a more definite statement is warranted. The pleadings set forth the jurisdictional basis for the suit, the relevant statutory authority, the facts making out the government's claims for tax liabilities owed by Reyes and Kuglin, and the specific property against which the government seeks to enforce its tax liens. For example, the Complaint cites 26 U.S.C. § 7403, which permits the United States to seek the judicial sale of property on which the United States has a tax lien in order to satisfy delinquent tax liability.[7] Under § 7403, the United States must name as parties to the action all persons claiming an interest in the subject property.[8] The Code further provides that after the Court has resolved all claims to the property it may

---

[3] *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002); *Evans-Marshall v. Bd. of Educ. of Tipp City Exempted Vill. Sch. Dist.*, 428 F.3d 223, 228 (6th Cir. 2005).

[4] *E.g. Fed. Ins. Co. v. Webne*, 513 F. Supp. 2d 921, 924 (N.D. Ohio 2007).

[5] *Swierkiewicz*, 534 U.S. at 512.

[6] *E.E.O.C. v. FPM Group, Ltd.,* 657 F.Supp.2d 957, 966 (E.D.Tenn.2009) (citations omitted).

[7] 26 U.S.C. § 7403(a); *United States v. Rodgers,* 461 U.S. 677, 681 (1983).

[8] § 7403(b).

order a sale of the property and distribute the proceeds according to the respective interests.[9] The Court holds that the Complaint gives Defendants proper notice of the government's claims and the statutes authorizing the government to proceed in this manner. Therefore, no more definite statement of the government's claims for relief is required.

Defendants' arguments in support of their Motions for Definite Statement actually demonstrate that Defendants understand the gravamen of the Complaint for Federal Taxes. Defendants have raised a number of issues going to the merits of the tax assessments and even the Court's subject-matter jurisdiction. These are obviously questions for discovery and perhaps subsequent dispositive motions. They do not, however, show that the Complaint is indecipherably vague or hopelessly ambiguous such that Defendants answer the claims at their own risk. Therefore, Defendants' Motions for More Definite Statement and the Amended Motions are **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 22, 2015.

---

[9] § 7403(c).