**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 15-cv-02459-STA-dkv** |
| | ) | |
| **ALAN CHRISTOPHER REYES,** | ) | |
| **VERNICE B. KUGLIN, SUNTRUST BANK,** | ) | |
| **and FIRST TENNESSEE BANK,** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
**ORDER DENYING DEFENDANTS' REQUEST TO SET ASIDE DEFAULT**

---

Before the Court is Plaintiff United States of America's Motion for Default Judgment (ECF No. 37) filed on December 3, 2015. Defendants Alan Christopher Reyes and Vernice B. Kuglin, who are acting *pro se*, have responded in opposition and requested that the Court set aside the default entered against them. For the reasons set forth below, Plaintiff's Motion for Default Judgment is **GRANTED**, and Defendants' request to set aside the default is **DENIED**.

## BACKGROUND

On July 9, 2015, Plaintiff United States of America filed a Complaint for Federal Taxes under 26 U.S.C. §§ 7401 and 7403. The Complaint named Alan Christopher Reyes, Vernice B. Kuglin, SunTrust Bank, and First Tennessee Bank as Defendants. The purpose of the Complaint was to "reduce to judgment the unpaid assessments of income tax, penalties, and interest made against" Reyes and Kuglin as well as to foreclose tax liens on real property located in this District. According to the Complaint, Reyes and Kuglin are the owners of the real property at

issue, and SunTrust Bank and First Tennessee Bank ("the banking Defendants") may assert an interest in the same property. (Compl. ¶¶ 5-8.) [1] The Complaint alleges that the Internal Revenue Service has assessed federal income taxes owed by Reyes for the tax years 1999 through 2008. (*Id.* ¶ 9.) As of June 22, 2015, the total tax liability including taxes, penalties, and interest owed by Reyes is $340,954.67. (*Id.* ¶ 14.) The Complaint alleges that the tax assessments were made correctly and in accordance with the law and that the IRS gave proper notice and made a demand on Reyes for the taxes owed. (*Id.* ¶¶ 10-12.) Reyes has not paid the full amount owed. (*Id.*)

The Complaint goes on to allege that the IRS assessed federal income taxes owed by Kuglin for the 2005 tax year. (*Id.* ¶ 16.) The tax assessment was made correctly and in accordance with the law, and the IRS gave Kuglin proper notice and demand for the taxes owed. (*Id.* ¶¶ 17, 18.) The total tax liability including taxes, penalties, and interest owed by Kuglin is $211,798.00 as of June 22, 2015. (*Id.* ¶ 20.) According to the Complaint, Kuglin has failed to pay the full amount owed. (*Id.* ¶ 19.) The Complaint requests that the Court reduce to judgment the tax liability owed by each Defendant.

Finally, the Complaint alleges that Reyes and Kuglin are the owners of an apartment along with two parking spaces in Memphis, Tennessee, as described more particularly in the pleadings. (Id. ¶ 22.) The Complaint alleges that the banking Defendants may have an interest in the real property. (*Id.* ¶ 27, 28.) The government filed separate notices of tax lien as to Reyes with the Shelby County Register's Office on January 8, 2008, and July 3, 2012, respectively.

---

[1] On September 2, 2015, the Clerk of Court entered default as to Defendants SunTrust Bank and First Tennessee Bank. On October 26, 2015, the Court granted Plaintiff's Motion for Default Judgment as to the banking Defendants, and the Clerk entered Default Judgment as to the banking Defendants on November 18, 2015.

(*Id.* ¶ 24.)  The government also filed a notice of tax lien as to Kuglin with the Shelby County Register's Office on December 5, 2012.  (*Id.* ¶ 25.)  On March 8, 2013, the United States District Court for the Western District of Tennessee entered a judgment against Kuglin, in favor of the United States of America, in the amount of $1,339,108.00 plus penalties and interest accruing from April 11, 2013 until paid.  (*Id.* ¶ 26.)  An abstract of judgment was filed on or around May 2, 2013 with the Shelby County Register's Office.  (*Id.*)  The United States asserts that the filing of the abstract creates a lien on all of Kuglin's real property and has priority over all other liens or encumbrances which were perfected later in time.  (*Id.*)  The Complaint requests that the Court find that the government has a valid federal tax lien on the real property, judge the priority of the parties' interests in the real property, and declare that the federal tax liens be foreclosed and the property be sold with the proceeds of the sale to apply to the tax liabilities of Reyes and Kuglin.

Plaintiff served Defendants Reyes and Kuglin with the Complaint on July 13, 2015. Federal Rule of Civil Procedure 12(a)(1)(A)(i) grants a defendant 21 days to serve an answer from the date on which the defendant is served with the summons and complaint. In    lieu    of filing an answer, on August 6, 2015, Defendants Reyes and Kuglin filed separate motions for a more definite statement under Federal Rule of Civil Procedure 12(e).  Defendants argued that the Complaint for Federal Taxes was "so vague and ambiguous" that Defendants could not prepare a response.  According to Defendants, the Complaint failed to allege subject matter jurisdiction because it was unclear from the pleadings whether the Defendants were domiciled in the state of Tennessee or within this District.  Defendants requested then that the Court order Plaintiff to provide a map of Shelby County, Tennessee, and highlight the areas where the United States Congress has exclusive jurisdiction.  Defendants further argued that their property was located in

the state of Tennessee and not within the jurisdiction of the United States.

Defendants raised other defenses to the IRS's tax assessments that go to the facts of the Complaint. Defendants primarily argued that they had no reportable income and therefore never filed returns for the tax years in question. According to Defendants, the IRS is perpetrating a fraud on the Court because Defendants did not file tax returns, and the IRS had to manufacture a substitute for return in order to establish the tax liability. Therefore, Defendants sought a more definite statement of the claims against them and argued that the Court should require the government to plead with more particularity the process for assessing each Defendant's tax liability. The government opposed the motions for more definite statement, and Defendants thereafter filed amended motions for more definite statement.

The Court denied Defendants' motions and amended motions for more definite statement by order (ECF No. 27) dated October 22, 2015. The Court held that the Complaint for Federal Taxes was not so short on clear and comprehensible factual allegations that a more definite statement was warranted. Specifically, the Court found that the pleadings set forth the jurisdictional basis for the suit, the relevant statutes authorizing the United States to file suit, the facts making out the government's claims for tax liabilities owed by Reyes and Kuglin, and the specific property against which the government sought to enforce its tax liens. The Court acknowledged that Defendants' motions had raised a number of issues going to the merits of the tax assessments and even the Court's subject matter jurisdiction. The Court remarked that these issues raised "questions for discovery and perhaps subsequent dispositive motions" but did not show that a more definite statement of the claims was necessary. The Court concluded that the Complaint gave Defendants proper notice of the government's claims and the statutes authorizing the government to proceed against them in this manner.

On October 23, 2015, the Court conducted a scheduling conference where Defendants Reyes and Kuglin appeared on their own behalf. The parties reported that they had conferred and agreed on a case management schedule. Following the conference, the Court entered the parties' proposed Rule 16(b) scheduling order (ECF No. 29). Despite their participation in the scheduling conference and the filing of their Rule 12(e) motions, Defendants failed to file an answer within the time allowed by the Federal Rules of Procedure. The Court denied Defendants' motions for more definite statement on October 22, 2015. Under Rule 12(a)(4)(A), Defendants Reyes and Kuglin had 14 days from the denial of their motions for more definite statement in which to serve an answer to the Complaint. Accordingly, on November 16, 2015, Plaintiff filed a motion for entry of default as to Defendants Reyes and Kuglin. The motion for entry of default included a certificate of service showing that the government had served a copy of the motion on each Defendant at his or her address of record.

The Clerk of Court entered default as to Defendants Reyes and Kuglin on November 18, 2015. Defendants did not respond to the government's motion or the Clerk's entry of default against them. Approximately two weeks later, Plaintiff filed the Motion for Default Judgment now before the Court. Plaintiff seeks default judgment against Defendant pursuant to Federal Rule of Civil Procedure 55(b). In light of Defendants' default, Plaintiff argues that the Court should accept the factual allegations of Plaintiff's Complaint as true. As such, the Complaint establishes that Defendant Reyes is indebted to the United States for federal income taxes, penalties, and interest in the amount of $340,954.67 for the tax years 1999, 2000, 2001, 2002, 2003, 2004, 2006, 2007, and 2008. Likewise, the Complaint establishes that Defendant Kuglin is indebted to the United States for federal income taxes, penalties, and interest in the amount of $211,798.00 for the 2005 tax year. To support these facts, Plaintiff has attached the declarations

(exs. A & B) of Lynn Brown, a paralegal specialist with the U.S. Department of Justice, as well as an IRS transcript of tax liability as to each Defendant (exs. C & D). The government argues that by operation of law, the IRS's tax assessments created a federal tax lien pursuant to 26 U.S.C. §§ 6321 and 6322 on real property owned by Defendants and described in the Complaint, an apartment at 200 Wagner Place and two parking spaces in Memphis, Tennessee. Plaintiff has attached to the Motion a copy of the deed showing Defendants' ownership interest in the property. The government also recites the fact that in 2013 this Court entered a judgment in favor of the United States and against Defendant Kuglin for taxes in the amount of $1,339,108 plus penalties and interest. The government filed an abstract of judgment (ex. F) on May 2, 2013, with the Shelby County Register, thereby creating a lien on all of Kuglin's real property.

The United States argues from these premises that the Court should enter default judgment in its favor as to each Defendant's outstanding tax liability and a declaration that the United States has valid federal tax liens on all of Defendants' property and rights to property, including the 200 Wagner Place apartment. The government requests a default judgment that the federal tax lien and the abstract of judgment attaching to Defendants' real property be foreclosed, that the real property be sold, according to law, free and clear of any right, title, lien, claim, or interest of Defendants (including the banking Defendants), and that the proceeds of the sale be distributed with the amounts attributable to the federal tax liens and abstract of judgment to be paid to the United States to be applied against the federal tax liabilities of Defendants Reyes and Kuglin. The government has submitted a proposed default judgment and a proposed order of sale.

Just as with the motion for entry of default, Plaintiff's Motion for Default Judgment included a certificate of service showing that Plaintiff served Defendants Reyes and Kuglin with

a copy of the Motion. Based on Defendants' failure to respond in any way to the Clerk's entry of default against them, the Court entered an order to show cause (ECF No. 38) on December 11, 2015. The Court ordered Defendants to show cause as to why the United States's Motion for Default Judgment should not be granted. Defendants filed their joint response in opposition to the Motion for Default Judgment (ECF No. 39) on January 4, 2016. Defendants styled their response as a "special appearance" and responded to the show cause order pursuant to Federal Rules of Civil Procedure 55(c) and 60(b).

Defendants argue for the first time in this case that the Complaint fails to allege the government's standing. Defendants also reiterate the claim made in their Rule 12(e) motion and amend motion that the Court lacks subject matter jurisdiction. After reviewing their motion and amended motion for more definite statement and the government's arguments in opposition, Defendants argue that the proper ruling on their motion and amended motion for more definite statement should have resulted in the dismissal of the Complaint for failure to plead standing and jurisdiction. And Defendants continue to believe that dismissal of the Complaint for lack of standing and want of jurisdiction is required. Defendants state that they "are of the honest belief that we are unable to appear to provide a meaningful answer until Plaintiff establishes the elements of standing and satisfies its burden to prove the facts to establish personal and subject matter jurisdiction." (Defs.' Resp. to Show Cause 8, ECF No. 39.)

Defendants go on to contend that that they have meritorious defenses to the claims. Specifically, Defendants argue that Plaintiff cannot establish standing because a third-party prepared the substitutes for return on which the government relies to establish the amount of the tax liability. Defendants also contend the Internal Revenue Code contains no provision making them liable for the payment of income taxes or permitting the IRS to make "dummy" returns.

The United States has filed a short reply (ECF No. 40) to Defendants' show cause response. The government contends that Defendants' show cause response merely invites the Court to revisit its ruling on the earlier motion and amended motion for more definite statement. Defendants' delay in preparing an answer has kept the parties from undertaking discovery and prejudiced the government's ability to prosecute its claims. The government argues that Defendants' conduct warrants entry of a default judgment. For their part Defendants have filed what amounts to a sur-reply (ECF No. 41), though they did not seek prior leave from the Court to file the brief. In their filing, Defendants argue that if the government believed Defendants' arguments were frivolous, the government could have filed a motion for Rule 11 sanctions. Instead the government has sought default judgment. Defendants also reiterate their argument about the government's lack of standing. Defendants assert their willingness to participate in discovery and claim that Plaintiff is the party engaging in delay. Defendants repeat their request that the Court "deny" the Clerk's entry of default and deny Plaintiff's Motion for Default Judgment and dismiss the Complaint for lack of standing and jurisdiction.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(a) requires the clerk of court to enter a party's default when the party "against whom judgment for affirmative relief is sought has failed to plead or otherwise defend" and the "failure is shown by affidavit or otherwise."[2] Upon entry of default, a party may proceed to seek default judgment under Rule 55(b), either from the clerk of court or the district court. The Sixth Circuit has held that entry of default is a necessary prerequisite to default judgment.[3] "Once a default is entered against a defendant, that party is deemed to have

---

[2] Fed. R. Civ. P. 55(a).

admitted all of the well pleaded allegations in the complaint, except those relating to damages."[4]

However, "a party in default does not admit mere conclusions of law."[5]  As such, "[e]ven if a

default has been entered against a party, it remains for the court to consider whether the

unchallenged facts constitute a legitimate cause of action . . . ."[6]  With respect to damages or

other claims for relief, the Court has discretion to convene "hearings or make referrals" when it

is necessary to "conduct an accounting; determine the amount of damages; establish the truth of

any allegation by evidence; or investigate any other matter."[7]

## ANALYSIS

### I. Defendants' Request to Set Aside Default

The United States seeks default judgment on its claims to reduce to judgment tax

assessments for Defendants' unpaid incomes taxes, penalties, and interest; to declare the validity

of tax liens against Defendants' real property; and to foreclose such liens against real property

located in this District.  Defendants have responded in opposition to the Motion for Default

Judgment, raising standing and jurisdictional arguments but also requesting that the Court set

aside the entry of default against them.  The Court construes Defendants' *pro se* response to the

---

[3] *Devlin v. Kalm*, 493 F. App'x 678, 685–86 (6th Cir. 2012); *Heard v. Caruso*, 351 F. App'x 1, 15–16 (6th Cir. 2009); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986); *see also* 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2682 ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").

[4] *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 878 (S.D. Ohio 2007) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir.1995)); *see also* Fed.R.Civ.P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

[5] *Anderson v. Johnson*, 194 F.3d 1311, at *2 (6th Cir. 1999).

[6] *Id.*

[7] Fed. R. Civ. P. 55(b)(2)(A)-(D).

Motion for Default Judgment as a request to set aside the entry of default.[8]  Therefore, before

reaching the merits of the Motion for Default Judgment, the Court first considers whether good

cause exists to set aside the Clerk's entry of default against Defendants.

## A. Defendants' Culpable Conduct

The Court holds that Defendants have not shown good cause to set aside the default.

Rule 55(c) of the Federal Rules of Civil Procedure allows a district court to set aside an entry of

default for good cause.[9]  To determine whether good cause exists, courts weigh three equitable

factors: (1) whether the defendant's culpable conduct led to the entry of default; (2) whether the

defendant has a meritorious claim or defense; and (3) whether the plaintiff would be prejudiced

if default was set aside.[10]  Here the Court finds that the balance of these factors clearly weighs

against setting aside the default.

First, the Court finds that the default was the result of culpable conduct on Defendant's

part.  Culpable conduct includes any "intent to thwart judicial proceedings or a reckless disregard

for the effect of its conduct on those proceedings."[11]  By contrast, "mere negligence or failure to

act reasonably is not enough to sustain a default."[12]  In this case Defendants have given the Court

---

[8] *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)
("[A]n answer or other opposition to a motion for default may be treated as a motion to set aside
entry of default.") (citations omitted).

[9] Fed. R. Civ. P. 55(c).

[10] *Burrell v. Henderson*, 434 F.3d 826, 831-32 (6th Cir. 2006); *Waifersong, Ltd. Inc. v.
Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *United Coin Meter Co.*, 705 F.2d at
845. Although *United Coin* involved a Rule 60(b) motion to set aside default judgment, rather
than a Rule 55(c) motion to set aside entry of default, the Court stated that "the three factors []
should be applied in both situations." *Id.* at 845.

[11] *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 844 (6th Cir. 2011).

[12] *United States v. $22,050.00 in U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010).

no plausible explanation for their failure to file an answer. The summons served on each Defendant advised that they were required to serve an answer to the Complaint or a Rule 12 motion within 21 days and that a failure to serve an answer or Rule 12 motion would result in default judgment.[13] Defendants filed Rule 12(e) motions in lieu of an answer. However, the Court decided the Rule 12(e) motions on October 22, 2015. Where a defendant files a motion under Rule 12 such as a motion for more definite statement, Rule 12(a)(4)(A) gives a defendant 14 days to answer from the day on which the defendant receives notice of the court's ruling on the Rule 12 motion.[14] Defendants took no action after the Court's ruling on their Rule 12(e) motions to prepare an answer within the time allowed under Rule 12(a)(4)(A).

Defendants were not only on notice of their responsibility to file an answer because of the warning in the summons and the requirements of the Federal Rules of Civil Procedure, Defendants also had notice of their pleading obligation from the fact that the United States had obtained entry of default against the banking Defendants on August 18, 2015 for their failure to file an answer. As such, when the government sought entry of default against Reyes and Kuglin on November 16, 2015, the motion should have reasonably spurred Defendants into action. And yet Defendants did not respond to the motion for entry of default and did nothing to set aside the entry of default against them until January 4, 2016, and then only after the United States had filed a Motion for Default Judgment and the Court had ordered Defendants to respond. Even now, more than three months after their answer was due and more than two months after entry of default, Defendants have not submitted a proposed answer or requested an opportunity to file an answer. The Court finds that this course of conduct suggests at the very least Defendants'

---

[13] *See* Summons Issued as to Defs. (ECF No. 3, 4).

[14] Fed. R. Civ. P. 12(a)(4)(A).

reckless disregard for the effect of their conduct on these proceedings and, more likely, an outright intent to thwart the judicial proceedings against them.

Defendants' only explanation for their failure to answer is their "honest belief that we are unable to appear to provide a meaningful answer until Plaintiff establishes the elements of standing and satisfies its burden to prove the facts to establish personal and subject matter jurisdiction." (Defs.' Resp. to Show Cause 8, ECF No. 39.) The Court finds that Defendants' explanation to be specious at best.[15] Each Defendant has a history of raising meritless jurisdictional challenges and well-worn "tax protestor" arguments to avoid paying federal income taxes, both before the Sixth Circuit and this Court.[16] What is more, Defendants waited to bring up the standing and jurisdictional issues until after the Clerk entered default and the government requested default judgment. While it is true that Defendants referred to subject matter jurisdiction in their Rule 12(e) motions, they did so as part of their frivolous argument that the Complaint failed to allege enough facts to show Congress had power over persons or property located in the state of Tennessee.[17] The real issue presented in the motions for more definite statement was whether the Complaint was "so excessively vague and ambiguous as to be

_____

[15] *Cf. Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 195 (6th Cir. 1986) ("[T]he district court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings.").

[16] *Reyes v. C.I.R.*, 449 F. App'x 478, 484 (6th Cir. 2011) (declining "to devote substantial time and effort to the task of unwinding Reyes's misconstruction of various Tax Code provisions" and variations on "another well-known tax protester argument based on the significance of resident status"); Order Denying Kuglin's Mot. to Vacate Void J. 6-8, Arp. 6, 2015, *United States v. Vernice B. Kuglin*, no. 11-cv-02741-SHM-tmp, ECF No. 40 (rejecting Kuglin's "patently frivolous" argument concerning the Court's lack of subject matter jurisdiction).

[17] Def. Kuglin's Mot. for More Definite Statement ¶ 8 (ECF No. 14); Def. Reyes's Mot. for More Definite Statement ¶ 8 (ECF No. 15).

unintelligible and as to prejudice the defendant seriously in attempting to answer it"[18] pursuant to Rule 12(e), not whether the Complaint pleaded facts to establish standing or subject matter jurisdiction. In fact, the Court denied the motions for more definite statement, specifically remarking that Defendants' claims about subject matter jurisdiction were properly raised in a dispositive motion.[19] If Defendants honestly believed that they could not answer the allegations of the Complaint until the Court addressed the standing and jurisdictional issues, Defendants should have filed a motion in accordance with the Federal Rules of Civil Procedure. The fact that they only now bring up the standing and jurisdiction issues, and as excuses for their failure to answer the Complaint, is disingenuous. Taking Defendants' history of advancing frivolous legal theories to escape their federal income tax liabilities together with their specious reasons for delay in challenging standing and jurisdiction, the Court finds no reason to conclude that Defendants failure to answer was a result of negligence or oversight. The Court can only surmise that Defendants knowingly ignored their duty to plead and thereby showed a reckless disregard for the consequences of their conduct and an intent to thwart the proceedings against them.

The Court acknowledges that Defendants are acting *pro se* in this matter, and their *pro se* status is a factor for the Court to consider in its good cause determination for setting aside Defendants' default.[20] Nevertheless, *pro se* litigants are not exempt from the requirements of the

---

[18] *E.E.O.C. v. FPM Group, Ltd.,* 657 F.Supp.2d 957, 966 (E.D. Tenn. 2009) (citations omitted).

[19] *Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (finding that the district court's prior order explaining the correct procedural approach put the defaulting defendant on notice of its need to defend or file an answer).

[20] *Childress*, 663 F.3d at 844 (citing *Shepard Claims Serv.*, 796 F.2d at 194).

Federal Rules of Civil Procedure.[21]  Excusing *pro se* litigants from compliance with the rules of procedure would result in an advantage to *pro se* litigants and a disadvantage to parties who retain counsel.  Indeed, as the Supreme Court has noted, "strict adherence to the procedural requirements . . . is the best guarantee of evenhanded administration of the law."[22]  And in this case, both Defendants are acquainted with federal court practice and procedure and have had their frivolous defenses about federal income tax rejected, both in the Court of Appeals and in this Court.  Under all of the circumstances, the Court concludes that Defendants' culpable conduct, specifically their reckless disregard for the Federal Rules of Civil Procedure and their intent to thwart these proceedings, led to the entry of default against them.  The Court finds that this first factor weighs strongly against setting aside the default.

## B. Defendants Have Not Raised a Meritorious Defense

As for the second factor, Defendants have not shown that they have a meritorious defense.  A meritorious defense raises "some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default."[23]  The Sixth Circuit has held that a defense need only be "good at law"[24] and present only "a hint of a suggestion which, proven at trial, would constitute a complete defense."[25]  In their response and sur-reply, Defendants argue that the United States lacks standing to bring the Complaint and that the Court is without subject

---

[21] *McNeil v. United States,* 508 U.S. 106, 133 (1980).

[22] *Id.* (citing *Mohasco Corp. v. Silver,* 447 U.S. 807 (1980)).

[23] *$22,050.00 in U.S. Currency*, 595 F.3d at 326 (quoting *Burrell*, 434 F.3d at 834).

[24] *Id*. (citing *Williams v. Meyer,* 346 F.3d 607, 614 (6th Cir. 2003)).

[25] *Id*. (citation and quotations omitted).

matter jurisdiction over the claims. Both arguments are patently frivolous.

Congress has granted the Secretary of the Treasury authority to authorize or sanction a civil action for the collection or recovery of taxes, including fines and penalties, and the Attorney General of the United States the authority to direct the filing of such a civil action. Under 26 U.S.C. § 7401, "[n]o civil action for the collection or recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Secretary authorizes or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced."[26] This authority includes filing a civil action "[i]n any case where there has been a refusal or neglect to pay any tax, or to discharge any liability in respect thereof" for the purpose of "enforce[ing] the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability."[27] Plaintiff's Complaint for Federal Taxes clearly cites these statutes and alleges that the United States filed this civil action at the direction of the Secretary of Treasury's designee, Chief Counsel for the IRS, and at the direction of the Attorney General.[28] Therefore, Defendants' argument that the United States has failed to plead facts to establish its standing to bring its Complaint for Federal Taxes lacks any merit as a possible defense to the claims.

Likewise, Defendants' argument on subject matter jurisdiction is utterly devoid of merit. Generally, this Court has jurisdiction in any civil action in which the United States is a plaintiff

---

[26] 26 U.S.C. § 7401.

[27] § 7403(a).

[28] *See* Compl. for Fed. Taxes (ECF No. 1) ("The United States of America, at the request of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and at the direction of the Attorney General of the United States, brings this action pursuant to 26 U.S.C. §§ 7401 and 7403.").

under 28 U.S.C. § 1345, and in any civil action arising under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331. Specifically, the Court has original jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue" under 28 U.S.C. § 1340[29] and jurisdiction to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws" under 26 U.S.C. § 7402(a). These statutes clearly confer this Court with subject matter jurisdiction over Plaintiff's claims. Defendants' arguments questioning the Court's subject matter jurisdiction warrant no further discussion. In sum, the Court holds that Defendants' standing and jurisdictional challenges do not constitute a defense good at law in this case.

In addition to their arguments about standing and jurisdiction, Defendants have also asserted other defenses, though the Court holds that none of them raise "a hint of a suggestion" of possible success as a complete defense to the Complaint for Federal Taxes. Defendants claim that they are not "persons made liable" for the payment of federal income taxes, as that expression appears in the Internal Revenue Code. This Court considered and rejected a very similar argument in *United States v. Kuglin*. In denying Ms. Kuglin's motion to dismiss the complaint in that case, United States District Judge Samuel H. Mays concluded that her claim that "she has no tax liability as a matter of law because she is not a withholding agent as defined by 26 U.S.C. § 7701(a)(16)" "ignores clearly established law."[30] For the same reasons stated in Judge Mays's order, the Court holds that Defendants' argument about their liability lacks any supporting authority and would not make a colorable defense in this case.

---

[29] *See also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 377 F.3d 592, 594 (6th Cir. 2004) *aff'd,* 545 U.S. 308 (2005) ("District courts have original jurisdiction over any civil action 'arising under any Act of Congress providing for internal revenue . . . .'").

[30] Order Denying Kuglin's Mot. to Dismiss 7-8, Sept. 6, 2012, *United States v. Kuglin*, no. 11-cv-02741-SHM-tmp, ECF no. 17.

Defendants also question the scope of the IRS's authority to create substitutes for returns showing each Defendant's income tax liability. Defendants' argument is not completely clear on this point. While conceding that 26 U.S.C. § 6020(b) grants the IRS authority to create specific tax forms used by third parties, Defendants seem to argue that § 6020(b) does not grant the IRS the authority to complete a 1040 or Form 4549 on behalf of a delinquent taxpayer. Defendants have attached as an exhibit to the response what purport to be a series of Forms 4549-A, Income Tax Discrepancy Adjustments, relating to Defendant Reyes; and a Form 4549, Income Tax Examination Change, relating to Defendant Kuglin. But Defendants have not shown how their argument raises a colorable defense to the Complaint for Federal Taxes.

Pursuant to 26 U.S.C. § 6020(b), the IRS is authorized to make a return on behalf of any person who "fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefor."[31] The return must be based on personal knowledge or "from such information as [the IRS] can obtain through testimony or otherwise."[32] Such a substitute for return is "prima facie good and sufficient for all legal purposes."[33] Under section 6020(b)'s implementing regulations, 26 C.F.R. § 301.6020-1, a document or set of documents signed by an authorized IRS employee constitutes a "return" as long as the document(s) "identifies the taxpayer by name and taxpayer identification number, contains sufficient information from which to compute the taxpayer's tax liability, and purports to be a return."[34] It is well-established that Form 4549-A and Form 4549 are among the documents the IRS can

---

[31] 26 U.S.C. § 6020(b)(1).

[32] *Id.*

[33] § 6020(b)(2).

[34] 26 C.F.R. § 301.6020-1(b)(2).

utilize to constitute a "return" for purposes of 26 U.S.C. § 6020(b).[35]  The Court holds then that Defendants have failed to show how their argument about the preparation of the "dummy" returns showing their tax liabilities would amount to a defense good at law.  Therefore, the Court concludes that none of Defendants' theories have raised a meritorious defense to the government's Complaint for Federal Taxes.  The Court finds that this second factor weighs strongly against setting aside the default.

## C. Prejudice to the United States

The third and final equitable factor is prejudice to the plaintiff.  In order to show prejudice, the plaintiff must show that a defendant's delay has resulted in one of the following: "loss of evidence, create[d] increased difficulties of discovery, or provide[d] greater opportunity for fraud and collusion."[36]  Standing alone, delay or the increased costs of litigation do not suffice to establish prejudice.[37]  In this case there is no indication to the Court that Defendants' default has resulted in any prejudice of this kind to the government or its case.  The government claims that Defendants' delay in pleading has caused it prejudice.  Although approximately seven months have passed since the United States filed its Complaint, there is no proof that the delay has resulted in the loss of evidence or greater discovery challenges or permitted some opportunity for fraud and collusion.  The Court finds that this factor does weighs in favor of setting aside the default.

Having considered each of the relevant factors, the Court holds that they weigh strongly

---

[35] *See Evans v. Comm'r of Internal Revenue*, No. 24146-12, 2016 WL 153693, at *17 (T.C. Jan. 11, 2016); *Kernan v. C.I.R.*, 108 T.C.M. (CCH) 503 (T.C. 2014); *Rader v. C.I.R.*, 143 T.C. 376, 382 (2014) *aff'd in part, appeal dismissed in part,* 616 F. App'x 391 (10th Cir. 2015); *Trescott v. C.I.R.*, 104 T.C.M. (CCH) 586 (T.C. 2012).

[36] *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987).

[37] *Childress*, 663 F.3d at 842.

against setting aside the default. Defendants' own culpable conduct resulted in the entry of default against them. Defendants, though *pro se*, are not strangers to litigation over federal income tax liabilities and were on notice of their responsibility to file an answer. Defendants simply elected not to file an answer or any other dispositive motion until Plaintiff moved for default judgment and the Court ordered Defendants to show cause as to why the Motion should not be granted. Moreover, at this juncture of the case Defendants have also failed to show that they have a meritorious defense to the claims. Defendants' arguments about standing and jurisdiction are frivolous, and none of their other possible defenses have any merit. "[T]he court may refuse to set aside a default, where the defaulting party has no meritorious defense, where the default is due to willfulness or bad faith, or where the defendant offers no excuse at all for the default."[38] Therefore, Defendants' request to set aside the entry of default against them is **DENIED**.

## II. The Government's Motion for Default Judgment

Turning now to the United States' Motion for Default Judgment, the Court holds that Plaintiff has demonstrated an entitlement to relief. Deeming the factual allegations of the Complaint for Federal Taxes as admitted, the government has shown that the IRS has made a series of tax assessments against each Defendant. When the United States determines that a liability for taxes exists, Congress has granted the government authority to file a civil action against the person who has incurred the liability.[39] The United States has included the tax assessments as part of the record. Tax assessments are presumptively correct as a matter of law,

---

[38] *Shepard Claims Serv.*, 796 F.2d at 194-95.

[39] 26 U.S.C. § 7403(a).

and Defendants by their default have failed to refute their accuracy.[40]  Therefore, the Court holds

that the United States is entitled to default judgment on its claims to reduce the tax assessments

against each Defendant to a judgment.

Likewise, the United States is entitled to default judgment on its claim for declaratory

relief as to the validity of its tax liens against Defendants' real property and the foreclosure on

the liens.  Under 26 U.S.C. § 6321, if "any person liable to pay any tax neglects or refuses to pay

the same after demand, the amount . . . shall be a lien in favor of the United States upon all

property and rights to property, whether real or personal, belonging to such person."[41]  The

government has shown that it has a valid tax lien against Defendants' real property, the

apartment at 200 Wagner Place in Memphis, Tennessee, and two parking spaces.  The tax

assessments are sufficient to establish that each Defendant received notice of the tax liability for

the years in question and that he or she did not pay them.[42]  The United States is also entitled to

have those liens foreclosed and the property sold to satisfy a portion of each Defendant's tax

liability.

Under 26 U.S.C. § 7403, the United States may request the judicial sale of property on

which the United States has a tax lien in order to satisfy a delinquent tax liability.[43]  The Code

requires the United States to name as parties to the action all persons claiming an interest in the

subject property.[44]  The Code further provides that after the Court has resolved all claims to the

---

[40] *United States v. Fior D'Italia*, 536 U.S. 238, 242 (2002); *Triplett v. C.I.R.*, 53 F. App'x 339, 340 (6th Cir. 2002).

[41] 26 U.S.C. § 6321.

[42] *United States v. Hillman*, 60 F. App'x 563, 564 (6th Cir. 2003).

[43] 26 U.S.C. § 7403(a); *United States v. Rodgers,* 461 U .S. 677, 681 (1983).

[44] 26 U.S.C. § 7403(b).

property it may order a sale of the property and distribute the proceeds according to the respective interests.[45]  The United States has shown that no other party claims an interest in Defendants' real property; the Court has already granted Plaintiff default judgment as to any claim to the property the banking Defendants may have asserted.  Based on the existence of a valid tax lien attaching to the property of Defendants Reyes and Kuglin, the Court holds that the United States is entitled to have its tax liens foreclosed and the property sold.  Therefore, the Court will grant the United States default judgment on its claim to foreclose on Defendants' real property.

Having concluded that the government is entitled to default judgment on all of its claims against Defendants, Plaintiff's Motion for Default Judgment is hereby **GRANTED**.

**CONCLUSION**

Plaintiff's Motion for Default Judgment is **GRANTED**, and Defendants' request to set aside the entry of default against them is **DENIED**.  Consistent with the Court's rulings herein, the Clerk of Court is ordered to enter Default Judgment to include the following relief:

• Defendant Alan Christopher Reyes is indebted to the United States for federal income taxes, penalties and interest for the 1999, 2000, 2001, 2002, 2003, 2004, 2006, 2007, and 2008 tax years in the amount of $340,954.67 as of June 22, 2015, plus statutory additions and interest accruing thereafter.

• Defendant Vernice B. Kuglin is indebted to the United States in the amount of $211,798 relating to income tax, penalties, and interest for the 2005 tax year as of June 22, 2015, together with statutory additions and interest accruing thereafter.

---

[45] § 7403(c).

- The United States has valid and subsisting federal tax liens on all property and rights to property of Reyes and Kuglin, including their interests in the real property, commonly known as 200 Wagner Place, Apartment 802, Memphis, TN 38103 ("Real Property"). The federal tax liens and abstract of judgment attaching to Real Property are hereby foreclosed and that the Real Property be sold, according to law, free and clear of any right, title, lien, claim, or interest of the Defendants, and that the proceeds of the sale be distributed with the amounts attributable to the federal tax liens and abstract of judgment to be paid to the United States to be applied against the federal tax liabilities of Reyes and Kuglin.

Upon entry of the Default Judgment, The Clerk is ordered to enter separately the government's proposed order for sale of real property.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: February 11, 2016.